UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC 22  A 8: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO.: |
| v. | ) |
| | ) VIOLATIONS: |
| ANTHONY SNOW, | ) 03CR 10403 PBS |
| a/k/a Anthony Russell, | ) 18 U.S.C. § 1341 - |
| a/k/a Tony Robinson, | ) Mail Fraud |
| | ) |
| Defendant. | ) 18 U.S.C. § 1343 - |
| | ) Wire Fraud |
| | ) |
| | ) 18 U.S.C. § 981(a)(1)(C) - |
| | ) 28 U.S.C. § 2461(c) - |
| | ) Criminal Forfeiture |

## INFORMATION

The United States Attorney charges that:

<u>Counts One through Six</u>: (Title 18, United States Code, Section 1341 - Mail Fraud).

1. Beginning on an unknown date in or about 1997, and continuing to on or about February 22, 2003, **ANTHONY SNOW**, a/k/a "Anthony Russell," a/k/a "Tony Robinson" (hereinafter referred to as "**SNOW**") and others, known and unknown to the Grand Jury, devised a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

2. **SNOW**, and others acting at his direction, would rent trucks from companies such as U-Haul, Penske, and Budget, often using driver's licenses that contained false information.

3. **SNOW**, and others acting at his direction, would submit insurance claims that falsely represented that the rental trucks had been involved in accidents with other motor vehicles.

4. **SNOW**, and others acting at his direction, would submit insurance claims that falsely represented that various privately-owned automobiles had been involved in accidents.

5. **SNOW**, and others acting at his direction, would make false statements and representations to insurance claims adjusters and other representatives of insurance companies in order to mislead them into believing that various motor vehicle accidents had taken place.

6. **SNOW**, and others acting at his direction, would prepare and use false documents, including false driver's licenses, false vehicle registrations, and false vehicle titles, to mislead insurance companies about the identity of the individuals involved in the insurance claims and the identity of the owners and operators of motor vehicles purportedly involved in accidents.

7. **SNOW**, and others acting at his direction, would make and receive interstate telephone calls, send and receive interstate faxes, and send and receive mailings.

8. **SNOW**, and others acting at his direction, would receive checks from insurance companies based upon the fraudulent insurance claims.

9. **SNOW**, and others acting at his direction, would cash checks obtained from insurance companies based upon the fraudulent insurance claims.

10. **SNOW**, and others acting at his direction, obtained in excess of $200,000 as a result of the submission of fraudulent insurance claims.

11. On or about the dates set forth below, within the District of Massachusetts and elsewhere,

> ANTHONY SNOW,
> a/k/a "Anthony Russell,"
> a/k/a "Tony Robinson,"

defendant herein, having devised and intending to devise the aforesaid scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute said scheme and artifice, place and cause to be placed in post offices and authorized depositories for mail matter, a matter and thing to be sent and delivered by the United States Postal Service, and took and received therefrom such matter and thing and did knowingly cause such matter and thing to be delivered by mail according to the

directions thereon, as follows:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| 1 | 01/07/2000 | Check for $5,552.95 mailed by Fireman's Fund Insurance Companies to "Lita Robinson Snow." |
| 2 | 2/15/2000 | Check for $5,000.00 mailed from Republic Western Insurance Corporation to "Tony Robinson." |
| 3 | 8/10/2001 | Check for $14,675.00 mailed from ORIC Fast Track to "Anthony Snow." |
| 4 | 10/21/2002 | Check for $5000.00 mailed from ORIC Fast Track to "Howard Odom." |
| 5 | 12/3/2002 | Check for $4205.10 mailed from Fast Track Claims to "Kisha Tatum" |
| 6 | 1/30/2003 | Letter mailed by Gallagher Bassett Services, Inc. to "Barbara Mosley" |

All in violation of Title 18, United States Code, Section 1341.

**<u>Counts Seven through Nine</u>: (Title 18, United States Code, Section 1343 - Wire Fraud).**

The United States Attorney further charges that:

12. Paragraphs 1 through 10 are incorporated by reference.

13. On or about the dates set forth below, within the District of Massachusetts and elsewhere,

**ANTHONY SNOW,**
**a/k/a "Anthony Russell,"**
**a/k/a "Tony Robinson,"**

defendant herein, having devised and intending to devise the aforesaid scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did, for the purpose of executing said scheme and artifice, cause to be transmitted by means of wire communication in interstate commerce, a writing, sign, and signal, as follows:

| COUNT | DATE | ITEM TRANSMITTED |
|---|---|---|
| 7 | 2/14/2000 | Property Damage Release executed by "Tony Robinson" and faxed from Massachusetts to Republic Western Insurance in Pennsylvania |
| 8 | 1/24/2003 | Request for Appraisal faxed from Claims America in Texas to Property Damage Appraisers in Massachusetts |

| COUNT | DATE | ITEM TRANSMITTED |
|---|---|---|
| 9 | 2/10/2003 | Fraudulent vehicle registration of "Barbara Mosley" faxed from Massachusetts to Gallagher Bassett Services, Inc. in Pennsylvania |

All in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>:   (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture).

The Grand Jury further charges that:

1.  As a result of the offenses alleged in Counts One through Nine,

**ANTHONY SNOW,**
**a/k/a "Anthony Russell,"**
**a/k/a "Tony Robinson,"**

defendant herein, shall forfeit to the United States any property, real or personal, which constitutes or is derived from, proceeds traceable to the violation alleged in Counts One through Nine, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.  If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of any defendant -

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All in violation of Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

MICHAEL J. SULLIVAN  
UNITED STATES ATTORNEY

By: _____  
JOHN J. FARLEY  
Assistant U.S. Attorney